## Hamilton *v.* Kerr.

1. When the affidavit to foreclose a mortgage upon personalty does not show jurisdiction to issue the execution in the magistrate who issued it, and when the execution shows upon its face that he had no jurisdiction, the same stating that the mortgagor was of another county, the execution was void.
2. The affidavit was not amendable, the same having been made, not

after, but before the passage of the act of 1887 providing for the amendment of such affidavits thereafter made. The execution being void upon its face, there was no error in dismissing the levy, on motion of the claimant.

December 9, 1889.

Mortgages. Jurisdiction. Executions. Levy. Amendments. Justices' courts. Before Judge MILNER. Bartow superior court. January adjourned term, 1889.

On April 26, 1884, Casey mortgaged to Hamilton, to secure the payment of a note, a mule and crops; the mortgage being executed in Floyd county and recorded there. On March 28, 1885, before a justice of the peace of the 856th district of Bartow county, Hamilton made affidavit to foreclose the mortgage, reciting "that James Casey, residence not known, in said State," was indebted, etc., and that the property mentioned in the mortgage was then in that county. The execution issuing thereupon described the property as that "of James Casey of the 859th dist. G. M. of Floyd county." It was levied on the mule; and Kerr interposed a claim, which was tried by the justice issuing the execution, and the property found subject thereto. On appeal to the superior court, the case having there been called for trial on February 6, 1889, the claimant moved to dismiss the levy for defects apparent upon the execution and fore-closure proceedings. The plaintiff insisted that the affidavit was legally sufficient, and that the recitation in the execution as to the residence of Casey was mere surplusage, but without waiving these points, offered to amend his affidavit for foreclosure by striking the words, "not known," and in lieu thereof inserting the words, "of the 856th district Georgia militia, of said county" (Bartow), and by further deposing that said Casey was a resident of said county and district. But the levy was dismissed; and plaintiff excepted.

BAKER & HEYWARD, for plaintiff.

J. M. NEEL, for claimant.

Bleckley, Chief Justice.

1. By section of the code 3974(a), it is provided that any person having a mortgage on personal property to secure a debt not exceeding one hundred dollars principal, may foreclose the same by making an affidavit, which shall be annexed to the mortgage; and when the mortgage and affidavit are filed with any justice of the peace in the county where the mortgagor resides, if he is a resident of this State, and if not, then with a justice of the peace in the county where the mortgaged property may be, such magistrate may issue an execution thereon, etc. How it shall be made to appear that the magistrate has jurisdiction, is not prescribed by the statute. Doubtless the proper mode is to state in the affidavit the jurisdictional fact (that is, that the mortgagor is a resident of the county, or that the property is in the county and he a non-resident of the State); but perhaps an omission to state it in the affidavit might be supplied by inserting it in the official entry of filing made by the magistrate, or by stating it in the execution. In this case, the affidavit showed that the residence of the mortgagor was "not known in said State"; and the execution described him as of the 859th district G. M. of Floyd county. The execution was not issued by a magistrate of Floyd, but by a magistrate of Bartow county; hence it appeared upon its face that it was void for want of jurisdiction; nor was there any entry of filing, or any other entry or averment, to aid or correct this recital in the execution.

2. The amendment made to the affidavit upon the trial of the appeal in the superior court by striking out the words "not known," and inserting in lieu thereof the words "of the 856th district Georgia militia, of said county," and adding that the mortgagor was a resident of said county and district, could not cure the defect, because the affidavit was the foundation of a legal pro-

ceeding, and therefore not amendable. Code, §3504. This affidavit was made in 1885, and is consequently not within the amendment act of October 5th, 1887 (Acts of that year, p. 59), which is limited to affidavits made subsequently to the passage of the act. Moreover, the execution was left to stand as it was ; and being void upon its face, there was no error in dismissing the levy on motion of the claimant.        *Judgment affirmed.*